UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

SEVAR AZIZOVA,

Plaintiff,

**MEMORANDUM & ORDER**
26-CV-5536 (EK)

-against-

U.S. CITIZENSHIP AND IMMIGRATION SERVICES et al.,

Defendants.

------------------------------------x

ERIC KOMITEE, United States District Judge:

Sevar Azizova filed this immigration action in September. She brings claims against U.S. Citizenship and Immigration Services ("USCIS") and various immigration officials,[1] challenging the denial of her N-400 application for naturalization. Proceeding *pro se*, Azizova moves to proceed *in forma pauperis*. ECF No. 2. For the reasons set forth below, that motion is denied without prejudice.

Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350, with an additional administrative fee of $55, for a total of $405. Under 28 U.S.C. § 1915, the Court may waive the filing fee upon finding a plaintiff indigent.

---

[1] The officials are: Ur Jaddou, Director of USCIS; Alejandro Mayorkas, Secretary of Homeland Security, and "New York Field Office Director." Joseph Edlow is now the Director of USCIS, and Markwayne Mullin is now the Secretary of Homeland Security. Pursuant to Federal Rule of Civil Procedure 25(d), they are automatically substituted for their predecessors.

Azizova's *in forma pauperis* application suffers from technical and substantive deficiencies. Azizova did not sign her motion; it was signed only by her husband. ECF No. 2, at 3. A non-attorney may not represent someone else in federal court. *See Iannaccone v. L.*, 142 F.3d 553, 558 (2d Cir. 1998). And Federal Rule of Civil Procedure 11(a) provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." "The court must strike an unsigned paper unless the omission is promptly corrected." Fed. R. Civ. P. 11(a).

Even if the Court could consider Azizova's application, it does not establish her indigency. The application does not list her household's monthly expenses. Nor does it list her household's monthly income; it says only that she receives an unspecified amount of Medicaid and SNAP benefits. ECF No. 2, at 3. The application does contain attachments specifying some of those amounts. ECF No. 2, at 4-11. But the attachments are a random assortment of letters, reproduced only in fragments, from the N.Y.C. Human Resources Administration and mostly undated screenshots of benefit payments. The Court is unable to reconstruct Azizova's household finances from them.

The IFP application also indicates that Azizova's husband owns two vehicles and a house in Avon Lake, Ohio. ECF

No. 2, at 2. But it does not indicate the value of these assets. "In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002). The Court cannot assess Azizova's indigency without knowing the value of her husband's assets.

Finally, Azizova represents that "[m]y household income is below 150% of the Federal poverty." ECF No. 2, at 3. But, given the lack of information in the application, the Court cannot determine if this statement is true.

Should Azizova wish to proceed with this action, she must either (1) pay the requisite filing fee to the Clerk of Court, or (2) submit a valid long-form *in forma pauperis* application. A long-form application is not valid if it is not signed by Azizova. If Azizova fails to do either within fourteen days, this action will be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The

Clerk of Court is respectfully directed to mail a copy of this order to Azizova and to note the mailing on the docket.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: November 18, 2026
Brooklyn, New York